UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DWIGHT GILES,

                          Plaintiff,

v.                                                              5:20-CV-0980
                                                                (MAD/ML)
RODNEY FITZGERALD, Police Officer,
Syracuse Police Department; DUANE ROOD,
Police Detective, Syracuse Police Department,
JUDSON KNAPPEN, Assistant District
Attorney, District Attorney's Office; TIMOTHY
ROULAN, Attorney at Law; and LAWRENCE
YOUNG, Legal Aid Attorney, Hiscock Legal
Aid Society,

                          Defendants.
_____

APPEARANCES:                                          OF COUNSEL:

DWIGHT GILES
   Plaintiff, *Pro Se*
Jamesville Correctional Facility
6660 East Seneca Turnpike
Jamesville, New York 13078

MIROSLAV LOVRIC, United States Magistrate Judge

### ORDER and REPORT-RECOMMENDATION

## I.     INTRODUCTION

      The Clerk has sent this *pro se* complaint (Dkt. No. 1) together with an application to

proceed *in forma pauperis* (Dkt. No. 2) filed by Dwight Giles ("Plaintiff") to the Court for

review.  For the reasons discussed below, I grant Plaintiff's *in forma pauperis* application (Dkt.

No. 2) and recommend that Plaintiff's Complaint (Dkt. No. 1) be (1) dismissed without prejudice

with respect to Plaintiff's (a) claims seeking injunctive relief, and (b) claims seeking monetary

damages for malicious prosecution, conspiracy, and fabrication of evidence against Defendants Rood and Fitzgerald in their individual capacities; (2) stayed pending resolution of Plaintiff's underlying criminal charges, with respect to Plaintiff's claims seeking monetary damages for false arrest against Defendants Rood and Fitzgerald in their individual capacities; and (3) dismissed with prejudice and without leave to amend with respect to Plaintiff's claims against Defendants (a) Fitzgerald and Rood in their official capacities, (b) Knappen, (c) Roulan, and (d) Young.

## II.   BACKGROUND

Construed as liberally[1] as possible, the Complaint alleges that Plaintiff's civil rights were violated by the following five defendants: (1) Rodney Fitzgerald, Syracuse Police Department police officer; (2) Duane Rood, Syracuse Police Department police detective; (3) Judson Knappen, Assistant District Attorney; (4) Timothy Roulan, Attorney at Law; and (5) Lawrence Young, Attorney at Hiscock Legal Aid (collectively "Defendants").  (*See generally* Dkt. No. 1 [Pl.'s Compl.].)  More specifically, Plaintiff alleges that on May 17, 2019, his residence was searched by Defendant Rood for an alleged fire emergency.  (*Id.*)  Plaintiff alleges that he left the residence during the search and began walking down Chaney Avenue.  (*Id.*)  Plaintiff alleges that while he was walking down Chaney Avenue, Defendant Fitzgerald drove up along-side of him and said to Plaintiff "come here."  (*Id.*)  Plaintiff alleges that he told Defendant Fitzgerald that he was going to work but that Defendant Fitzgerald exited the vehicle, walked up to Plaintiff, took Plaintiff's hand, guided Plaintiff to the ground, handcuffed Plaintiff, arrested Plaintiff, transported Plaintiff to the police station, and booked Plaintiff.  (*Id.*)  Plaintiff alleges that he

---

[1]      The court must interpret *pro se* complaints to raise the strongest arguments they suggest. *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

appeared in court that evening, was charged with criminal possession of stolen property in the third degree for an iPad, and was scheduled for a preliminary hearing on May 22, 2019. (*Id*.) Plaintiff alleges that on May 22, 2019, Judge Doherty dismissed and sealed the criminal charges against him. (*Id*.)

Plaintiff alleges that before he was released from jail, a parole officer "placed a violation hold on [him] charging [him] with C.P.S.P., resisting arrest and running from [Defendant] Fitzgerald." (*Id*. at 6.) Plaintiff alleges that on June 13, 2019, he appeared in court before Judge Doran "to face the charges of C.P.S.P. for a safe, mac book, and I pad," and he "ha[s] been going to Court for these charges s[i]nce May 22 when it was dismissed." (*Id*. at 7.) Plaintiff alleges that he informed the court and his attorney, Defendant Roulan, that the charges were dismissed and that Defendant Roulan "said he would look into it, but never did." (*Id*.) Plaintiff alleges that, as a result of Defendant Roulan's failure to act, his "children[']s mother went down to the Court, [and] someone in Honorable Doherty Court told her to ask my lawyer for a copy [of the dismissal], and the case had been sent to County Court." (*Id*.) Plaintiff alleges that then his "wife went down to the County Clerk[']s office to get a copy of the court order and was told the same thing get it from my lawyer, the case [had] been sent to County Court." (*Id*.)

Plaintiff alleges that in July or August 2019, he then asked Defendant Young, his attorney for the parole violation, "to look into the fact that the charges were dismissed, [but that] he never" responded. (*Id.* at 7-8.) Plaintiff alleges that at his final parole violation hearing, Defendant Fitzgerald provided perjured testimony and stated that Plaintiff "ran from him into the park from Chaney Ave" but that Plaintiff "was never charged with resisting arrest." (*Id*. at 8.) Plaintiff alleges that as a result of Defendant Fitzgerald's false testimony, he was sentenced to thirty-months incarceration on the parole violation. (*Id*.) Plaintiff alleges that he has been

incarcerated since May 17, 2019, that the charges against him were dismissed, but that he has endured "constant [b]adgering to cop out, [been] threaten[ed] with a life sentence not only from the District Attorney, but my lawyer as well." (*Id*.)

Based on these factual allegations, Plaintiff asserts the following four claims: (1) a claim of false arrest against Defendants Fitzgerald and Rood; (2) a claim of malicious prosecution against Defendants; (3) a claim of conspiracy against Defendants; and (4) a claim of fabrication of evidence against Defendants Rood, Fitzgerald, and Knappen. (*See generally* Dkt. No. 1.) For relief, Plaintiff seeks $10,000,000.00 and Defendant "Fitzgerald to clear [his] name with parole." (*Id.* at 9.)

## III.    PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

"28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged." *Cash v. Bernstein*, 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010).[2] "Although an indigent, incarcerated individual need not prepay the filing fee at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts." *Cash*, 2010 WL 5185047, at *1 (citing 28 U.S.C. § 1915(b); *Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010)).

---

[2]     Section § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* where, absent a showing of "imminent danger of serious physical injury," a prisoner has filed three or more actions that were subsequently dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). The Court has reviewed Plaintiff's litigation history on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service. *See* http://pacer.uspci.uscourts.gov. It does not appear from that review that Plaintiff had accumulated three strikes for purposes of 28 U.S.C. § 1915(g) as of the date this action was commenced.

Upon review, the Court finds that Plaintiff has submitted a completed IFP application which has been certified by an appropriate official at his facility (Dkt. No. 2), and which demonstrates economic need.  *See* 28 U.S.C. § 1915(a)(2).  Plaintiff has also filed the inmate authorization required in the Northern District.  (Dkt. No. 3.)

Accordingly, Plaintiff's application to proceed with this action IFP is granted.

## IV.	LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

Having found that Plaintiff meets the financial criteria for commencing this action *in forma pauperis*, and because Plaintiff seeks relief from an officer or employee of a governmental entity, the Court must consider the sufficiency of the allegations set forth in the Complaint in light of 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A(a).  Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that— . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).[3]

Similarly, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a government entity or officer or employee of a government entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir.

---

[3]	To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis in either law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

1999) (per curium) (noting that Section 1915A applies to all actions brought by prisoners against governmental officials even when plaintiff paid the filing fee).

Additionally, when reviewing a complaint, a court may also look to the Federal Rules of Civil Procedure.  Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  *See* Fed. R. Civ. P. 8(a)(2).  The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable."  *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, C.J.) (quoting *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977)).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft*, 556 U.S. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing *Twombly*, 550 U.S. at 555).  Rule 8 "demands more than an unadorned the-defendant-unlawfully-harmed-me accusation."  *Id.*  Thus, a pleading that contains only allegations which "are so vague as to fail to give the defendants adequate notice of the claims against them" is subject to dismissal.  *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

V.      **ANALYSIS**

In addressing the sufficiency of a plaintiff's complaint, the court must construe his pleadings liberally.  *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).

A.      **Plaintiff's Claims Seeking Injunctive Relief**

After carefully considering the matter, I recommend that Plaintiff's claims that seek injunctive relief, be dismissed without prejudice.

Plaintiff's claims that seek injunctive relief are precluded by the favorable termination rule as set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). In that case, the Court held that a convicted state prisoner cannot pursue damages or other civil remedies under 42 U.S.C. § 1983 if a decision in favor of the plaintiff "would necessarily imply the invalidity of his conviction or sentence," unless the conviction has already been invalidated.  *Heck*, 512 U.S. at 487; *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."); *McKithen v. Brown*, 481 F.3d 89, 101 (2d Cir. 2007) ("[T]he governing standard for the application of the [ ]*Heck* exception . . . is whether a prisoner's victory in a [section] 1983 suit would necessarily demonstrate the invalidity of his conviction or sentence[.]" (emphasis omitted)).

As relief Plaintiff requests that Defendant Fitgerald "clear [his] name with parole."  (Dkt. No. 1 at 9.)  It is unclear what exactly Plaintiff seeks, but it appears that Plaintiff requests that he (1) be vindicated of his parole violation, and (2) immediately released from the thirty-month

sentence that was imposed for the parole violation.  (Dkt. No. 1 at 8-9.)  This request would necessarily demonstrate the invalidity of Plaintiff's parole violation and related sentence.

As a result, I recommend dismissal without prejudice of Plaintiff's claims to the extent that they seek relief that would necessarily demonstrate the invalidity of his confinement or its duration.

### B.     Plaintiff's Claims Seeking Monetary Damages

After carefully considering the matter, I recommend that Plaintiff's claims for malicious prosecution, fabrication of evidence, and conspiracy against Defendants Rood and Fitzgerald in their individual capacities be dismissed without prejudice as premature pursuant to *Heck* because they seek to impugn the validity of his underlying state court criminal proceeding.  In addition, I recommend that Plaintiff's false arrest claim against Defendants Rood and Fitzgerald in their individual capacities be stayed pending resolution of his state court criminal proceeding. Moreover, I recommend that Plaintiff's claims for damages against Defendants (1) Rood and Fitzgerald in their official capacities, (2) Knappen, (3) Roulan, and (4) Young be dismissed with prejudice.

"A claim for damages [that would necessarily imply the invalidity of a plaintiff's state court] conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." *Heck*, 512 U.S. at 486-87.[4]  In *Covington v. City of New York*, the Second Circuit held that "if success on a § 1983 claim would necessarily impugn the validity of a conviction in a pending criminal prosecution, such a claim *does not accrue* so long as the potential for a judgment in the

---

[4]     The *Heck* delayed accrual rule also applies to claims pursuant to § 1985.  *Amaker v. Weiner*, 179 F.3d 48, 51-52 (2d Cir. 1999).

pending criminal prosecution continues to exist." *Covington v. City of New York*, 171 F.3d 117, 124 (2d Cir. 1999).

In contrast, the Supreme Court held in *Wallace v. Kato*, 549 U.S. 384 (2007), that the statute of limitations for a false arrest claim begins to accrue "when legal process was initiated." *Wallace*, 549 U.S. at 390.  "Following *Wallace*, several Courts have applied that same analysis for Fourth Amendment claims based on events occurring 'between an unlawful arrest and the institution of legal process.'" *Nussbaumer v. Nesbitt*, 11-CV-6331, 2011 WL 4828844, at *1 (W.D.N.Y. Oct. 7, 2011) (citing *Mondragon v. Thompson*, 519 F.3d 1078, 1083 (10th Cir. 2008); *see Dominguez v. Hendley*, 545 F.3d 585, 589 (7th Cir. 2008) ("Fourth Amendment claims for false arrest or unlawful searches accrue at the time of (or termination of) the violation."); *Johnson v. Dossey*, 515 F.3d 778, 781-82 (7th Cir. 2008) (distinguishing between claims that accrue when a litigant first appears before a magistrate, controlled by *Wallace*, and claims that arise during the legal process (controlled by *Heck*)); *Mallard v. Potenza*, 94-CV-0223, 2007 WL 4198246, at *3 (E.D.N.Y. Nov. 21, 2007) (seeing no reason to distinguish between false arrest and search and seizure claims; "*Wallace* applies with equal force to a claim for an illegal search and seizure.").

### 1.    *Heck* Delayed Accrual Claims

I recommend that Plaintiff's claims for malicious prosecution, fabrication of evidence, and conspiracy be dismissed without prejudice as premature pursuant to *Heck* because they seek to impugn the validity of his underlying state court criminal proceeding.  *See McDonough v. Smith*, 139 S. Ct. 2149, 2156-57 (2019) (holding that the plaintiff could not bring a "fabricated-evidence claim under § 1983 prior to favorable termination of his prosecution" because a fabricated-evidence claim is most analogous to the tort of malicious prosecution, which also only

accrues after the plaintiff prevailed in the underlying criminal proceeding); *Kevilly v. New York*, 410 F. App'x 371, 374 n.3 (2d Cir. 2010) (summary order) (dismissing conspiracy claims under the *Heck* rationale, post-*Wallace*); *Roberties v. Huff*, 11-CV-0521, 2012 WL 1113479, at *4 (W.D.N.Y. Mar. 30, 2012) (dismissing as premature, pursuant to *Heck*, due process, conspiracy to prosecute, obstruction of justice, fabrication of evidence, and equal protection claims related to the plaintiff's conviction); *Nussbaumer*, 2011 WL 4828844, at *1 (dismissing as premature, pursuant to *Heck*, due process, equal protection, malicious prosecution, and access to the courts claims related to the plaintiff's conviction); *Harris v. Buffardi*, 08-CV-1322, 2011 WL 3794235, at *10 (N.D.N.Y. Aug. 24, 2011) (Sharpe, J.) (where plaintiff's conviction had not been overturned or otherwise invalidated, his claims for "violation of his due process rights, fabrication of evidence, obstruction of justice, bad faith inadequate investigation, and §§ 1983 and 1985 conspiracy—all of which are patent attacks on the validity of his conviction—[were] barred.").

In the alternative, I recommend dismissal of Plaintiff's malicious prosecution, conspiracy, and fabrication of evidence claims for failure to state a claim.

### a.    Malicious Prosecution

The Court also notes that to state a claim for malicious prosecution pursuant to 42 U.S.C. § 1983, a plaintiff must allege facts plausibly suggesting the following four elements: (1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as motivation for defendant's actions.  *Ying Li v. City of New York*, 246 F. Supp. 3d 578, 604 (E.D.N.Y. 2017) (citing *Manganiello v. City of New York*, 612 F.3d 149, 160-61 (2d Cir. 2010)).

With regard to the second element, "it must be alleged that the prosecution is at an end, either by alleging that defendant was acquitted of the charge, or by alleging facts showing the legal termination of the prosecution complained of, in favor of defendant, prior to the commencement of the action." *Carpenter v. Nutter*, 127 Cal. 61, 63 (1899); *see also Wallace*, 549 U.S. at 392.

"Proceedings are 'terminated in favor of the accused' only when their final disposition is such as to indicate the accused is not guilty." *DiBlasio v. City of New York*, 102 F.3d 654, 658 (2d Cir. 1996); *see also Spak v. Phillips,* 857 F.3d 458, 462 (2d Cir. 2017) ("A 'favorable termination' does not occur until the prosecution against the plaintiff has 'conclusively' ended."). A reversal of a criminal conviction and remand for a new trial does not constitute such a termination. *DiBlasio*, 102 F.3d at 658 (citing *Russell v. Smith*, 68 F.3d 33, 36-37 (2d Cir. 1995)); *accord Poventud v. City of New York*, 750 F.3d 121, 130-31 (2d Cir. 2014) (quoting *Smith-Hunter v. Harvey*, 95 N.Y.2d 191, 195 (2000)) ("[U]nder the common law any final termination of a criminal proceeding in favor of the accused, such that the proceeding cannot be brought again, qualifies as a favorable termination for purposes of a malicious prosecution action.").

Plaintiff does not, and cannot, state a claim for malicious prosecution because the underlying criminal proceeding has not conclusively ended.  (Dkt. No. 1 at 8.)  In addition, to the extent that Plaintiff's malicious prosecution claim relates to the prosecution of his parole violation, based on the allegations in the Complaint, it is clear that the parole violation was not terminated in Plaintiff's favor because he was sentenced to thirty-months incarceration as a result of that violation.  (*Id.*)  As a result, I recommend that Plaintiff's malicious prosecution claim be dismissed without prejudice.

b.      **Conspiracy**

To adequately assert a conspiracy claim under § 1983 a plaintiff must allege: (1) an agreement between two or more state actors or between a state actor and private actor; (2) to act in concert to inflict an unconstitutional injury on plaintiff; and (3) an overt act committed in furtherance of that goal causing damages. *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999); *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002).

"[T]o make out a [conspiracy in] violation of § 1985(3), . . . the plaintiff must allege . . . four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in her person or property or deprived of any right or privilege of a citizen of the United States." *United Broth. of Carpenters and Joiners of America, Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 828-29 (1983).  "With respect to the second element, a plaintiff must show that the conspiracy was motivated by 'some racial or perhaps otherwise class-based, invidious discriminatory animus.'" *Nguyen v. Bush*, 15-CV-0641, 2015 WL 1966296, at *5 (E.D.N.Y. May 1, 2015) (quoting *Robinson v. Allstate Ins. Co.*, 508 F. App'x 7, 9 (2d Cir. 2013)).

"[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." *Ciambriello*, 292 F.3d at 325 (internal quotations and citation omitted); *see also Webb v. Goord*, 340 F.3d 105, 110-11 (2d Cir. 2003) (to maintain a conspiracy action, the plaintiff "must provide some factual basis supporting a meeting of the minds"); *Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir. 1983) ("A complaint containing only conclusory,

vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss.").  "[A]lthough a plaintiff does not need to provide detailed factual allegations, the allegations in the complaint must be 'enough to raise a right to relief above the speculative level.'" *Flores v. Levy*, 07-CV-3753, 2008 WL 4394681, at *9 (E.D.N.Y. Sep. 23, 2008) (quoting *Twombly*, 550 U.S. at 554).

Plaintiff's Complaint fails to assert any factual allegations plausibly alleging an agreement or conspiracy among Defendants other than using the word conspiracy under the heading "THIRD CLAIM."  (*See generally* Dkt. No. 1.)  Plaintiff's allegations, even when read with the utmost of special liberality, are impermissibly vague and conclusory to plausibly suggest a conspiracy.

Further, Plaintiff has not alleged any race or class-based animus as required to support a § 1985 conspiracy claim.  "In this context, 'class-based animus' encompasses only those groups with discrete and immutable characteristics such as race, national origin, and sex."  *Martin v. New York State Dep't. of Corr. Servs*., 115 F. Supp. 2d 307, 316 (N.D.N.Y. 2000) (Smith, M.J.) (citing *Segreto v. Kirschner*, 977 F. Supp. 553, 565 (D. Conn. 1997); *Gay Veterans Ass'n, Inc. v. American Legion,* 621 F. Supp. 1510, 1515 (S.D.N.Y. 1985); *Orshan v. Anker*, 489 F. Supp. 820, 823 (E.D.N.Y. 1980)).

Moreover, in the alternative, even if Plaintiff's conspiracy claims were found to be more than conclusory as pleaded, Plaintiff's claims would likely be barred by the "intra-agency conspiracy" doctrine.  *See Griffin-Nolan v. Providence Washington Ins. Co*., 04-CV-1453, 2005 WL 1460424, at *10-11 (N.D.N.Y. June 20, 2005) (Scullin, C.J.) (dismissing the plaintiff's conspiracy claims where the defendants were officers of the City of Syracuse and the plaintiff did not allege that the individual defendants had a personal interest in their alleged conspiracy);

*see also Little v. City of New York,* 487 F. Supp. 2d 426, 441-42 (S.D.N.Y. 2007) (dismissing the

plaintiff's conspiracy claims where the officers were part of a single corporate entity, the City of

New York, and plaintiff did "not provide any evidence to suggest that either of the officers were

motivated by an independent personal stake in his arrest and prosecution."). Generally, that

doctrine provides that officers, agents or employees of a single corporate entity are legally

incapable of conspiring together. *Everson v. New York City Transit Auth.*, 216 F. Supp. 2d 71,

75-76 (E.D.N.Y. 2002).

 As set forth *infra*, in Parts V.B.3 and V.B.4. of this Order and Report-Recommendation, I

recommend that all claims against Defendants Knappen, Roulan, and Young be dismissed.  As a

result, to the extent that those recommendations are accepted and adopted, the only remaining

Defendants, Defendants Rood and Fitzgerald, are officers of the Syracuse Police Department,

who, pursuant to the intra-agency doctrine, are incapable of conspiring with themselves.

Moreover, I find that the Complaint does not allege that any of Defendants had a personal

interest in the alleged conspiracy.  (*See generally* Dkt. No. 1.)

 As a result, I recommend that Plaintiff's conspiracy claim be dismissed for failure to state

a claim.

### c. Fabrication of Evidence

 "When a police officer creates false information likely to influence a jury's decision and

forwards that information to prosecutors, he violates the accused's constitutional right to a fair

trial, and the harm occasioned by such an unconscionable action is redressable in an action for

damages under 42 U.S.C. § 1983." *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir.

1997).  To succeed on a § 1983 claim alleging a violation of the fair trial right, a plaintiff must

prove that "an (1) investigating official (2) fabricated information (3) that is likely to influence a

jury's verdict, (4) forwarded that information to prosecutors, and (5) the plaintiff suffered a

deprivation of life, liberty, or property as a result." *Aguirre v. City of New York*, 15-CV-6043,

2017 WL 4236552, at *10 (E.D.N.Y. Sept. 22, 2017) (brackets omitted) (quoting *Garnett v.*

*Undercover Officer C0039*, 838 F.3d 265, 279 (2d Cir. 2016)).  In addition, the Supreme Court's

holding in *McDonough* held that a plaintiff "could not bring his fabricated evidence claim under

§ 1983 prior to the favorable termination of his prosecution."  *McDonough*, 139 S. Ct. at 2156-

57.

Here, Plaintiff's fabrication of evidence claim appears to relate to the allegedly false

testimony provided by Defendant Fitzgerald at Plaintiff's "final parole hearing."  (Dkt. No. 1 at

8.)  The Complaint alleges that Plaintiff was "given 30 months on a parole violation."  (*Id*.)

Thus, Plaintiff's parole violation did not terminate in his favor.  In addition, the extent that the

fabrication of evidence claim relates to the underlying criminal proceedings, as set forth above,

those are ongoing and thus, cannot have terminated in Plaintiff's favor.

As a result, I recommend dismissal without prejudice, of Plaintiff's fabrication of

evidence claim for failure to state a claim.

### 2.      *Wallace* Stay of Proceedings

"A § 1983 claim for false arrest, which derives from an individual's right under the

Fourth Amendment to be free from unreasonable seizures, including arrest without probable

cause, *see, e.g., Lennon v. Miller*, 66 F.3d 416, 423 (2d Cir. 1995), is substantially the same as a

claim for false arrest under New York law." *Kates v. Greece Police Dep't*, 16-CV-6554, 2017

WL 11548970, at *3 (W.D.N.Y. Feb. 21, 2017) (citing *Weyant v. Okst*, 101 F.3d 845, 852 (2d

Cir. 1996); *Posr v. Doherty*, 944 F.2d 91, 96 (2d Cir. 1991)).  "Under New York law, the

elements of a false arrest and false imprisonment claim are: '(1) the defendant intended to

confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not

consent to the confinement and (4) the confinement was not otherwise privileged.'" *Hernandez*

*v. United States*, 939 F.3d 191, 199 (2d Cir. 2019) (quoting *McGowan v. United States*, 825 F.3d

118, 126 (2d Cir. 2016) (per curium).

　　　"Probable cause 'is a complete defense to an action for false arrest' brought under New

York law or § 1983." *Kates*, 2017 WL 11548970, at *3 (citing *Weyant*, 101 F.3d at 852).

　　　"For purposes of the privilege element of a false arrest and imprisonment claim, an act of

confinement is privileged if it stems from a lawful arrest supported by probable cause." *De*

*Lourdes Torres v. Jones*, 26 N.Y.3d 742, 759 (N.Y. 2016); *accord Marshall v. Sullivan*, 105 F.3d

47, 50 (2d Cir. 1996).  "A person who has been convicted of the crime for which he was arrested

cannot state a claim for false arrest because his conviction establishes that his confinement was

grounded on probable cause; therefore, it was privileged." *Johnson v. Pugh*, 11-CV-0385, 2013

WL 3013661, at *2 (E.D.N.Y. June 18, 2013); *see also Marcavage v. City of New York*, 689 F.3d

98, 109-10 (2d Cir. 2012) ("Defendants prevail if there was probable cause to arrest Plaintiff[]

for any single offense."); *Phelan v. Sullivan*, 541 F. App'x 21, 23-24 (2d Cir. 2013) ("A false

arrest claim is defeated by the plaintiff's conviction for the offense for which he was arrested.").

　　　However, the Supreme Court has instructed that

> If a plaintiff files a false-arrest claim before he has been convicted . . ., it is
> within the power of the district court, and in accord with common practice,
> to stay the civil action until the criminal case or the likelihood of a
> criminal case is ended.  If the plaintiff is ultimately convicted, and if the
> stayed civil suit would impugn that conviction, *Heck* will require
> dismissal; otherwise, the civil action will proceed, absent some other bar
> to suit.

*Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) (citing *Heck v. Humphrey*, 512 U.S. 477, 487-88,

n.8 (noting that "abstention may be an appropriate response to the parallel state-court

proceedings"); *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996); *Edwards v. Balisok*, 520 U.S. 641, 649 (1997)); *see Jovanovic v. City of New York*, 04-CV-8437, 2008 WL 355515, at *2 (S.D.N.Y. Feb. 7, 2008) (citing *Wallace*, 549 U.S. at 393-94) ("In lieu of allowing the [false arrest] claim to accrue indefinitely, the Supreme Court found it more desirable to force a petitioner to bring a false arrest claim within three years of arraignment (or other commencement of legal process), and to permit the district court faced with the action to stay the matter until any ongoing underlying criminal proceedings were resolved, thus eliminating the possibility of inconsistent judgments.")).

The Complaint alleges that Plaintiff's criminal charges are still pending.  (Dkt. No. 1 at 8.)  As a result, I recommend that, "in accordance with *Wallace*, [the Court] exercise[] its discretion and stay[] Plaintiff's claim of false arrest.  Because the . . . process may be lengthy, [I recommend that] Plaintiff [be] directed to contact the Court in writing every 90-days and inform the Court of the status of the [criminal proceeding].  Following conclusion of the underlying criminal action, Plaintiff [shall] inform the Court of the outcome . . ., and, if appropriate, apply to the Court to restore this case to the active calendar by filing a motion with the Court seeking such relief."  *Kates*, 2017 WL 1158970, at *4.

### 3.    Claims Against Defendant Knappen

I recommend that all claims for damages against Defendant Knappen be dismissed with prejudice.

### a.    Individual Capacity

"It is by now well established that a state prosecuting attorney who acted within the scope of his duties in initiating and pursing a criminal prosecution is immune from a civil suit for damages under § 1983."  *Shmueli v. City of N.Y.*, 424 F.3d 231, 236 (2d Cir. 2005) (citation and

internal quotation marks omitted) (collecting cases).  "Because the immunity attaches to the official prosecutorial function and because the initiation and pursuit of a criminal prosecution are quintessential prosecutorial functions, the prosecutor has absolute immunity for the initiation and conduct of a prosecution unless he proceeds in the clear absence of all jurisdiction."  *Shmueli*, 424 F.3d at 237 (citations and internal quotation marks omitted).

These principles also protect a prosecutor against malicious prosecution claims brought under state law.  *Shmueli*, 424 F.3d at 238; *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 274 n.5 (1993) (indicating that the Court's conclusion that absolute immunity protects a prosecutor against § 1983 claims in the nature of malicious prosecution was based in part on the "common-law tradition of immunity for a prosecutor's decision to bring an indictment, whether he has probable cause or not"); *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976) (same principles require conferral of absolute immunity for damages claims under § 1983 and state law).

"A prosecutor is not absolutely immune solely because she engaged in the conduct in question during her line of work."  *D'Alessandro v. City of New York*, 713 F. App'x 1, at 5 (2d Cir. 2017) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)).  "A prosecutor wears many hats" including "administrat[or]," "investigator," and "advocate[]."  *D'Alessandro*, 713 F. App'x at 5 (quoting *Hill v. City of New York*, 45 F.3d 653, 656 (2d Cir. 1995)).  However, the prosecutor is entitled to absolute immunity "when she acts as an 'advocate.'"  *Id*. (citing *Warney v. Monroe Cnty.*, 587 F.3d 113, 121 (2d Cir. 2009)).  "Under our case law, a prosecutor unquestionably acts as an advocate—and therefore receives absolute immunity—when she initiates and pursues a criminal prosecution."  *Id*. (citing *Shmueli*, 424 F.3d at 236)  Indeed, "a prosecutor still acts within the scope of her duties even if she . . . knowingly uses false testimony, . . . engages in malicious prosecution, or attempts to intimidate an individual into accepting a

guilty plea." *D'Alessandro*, 713 F. App'x at 5 (citing *Shmueli*, 424 F.3d at 237-38; *Peay v. Ajello*, 470 F.3d 65, 67-68 (2d Cir. 2006)).

The Complaint contains no factual allegations related to Defendant Knappen.  (*See generally* Dkt. No. 1.[5]  However, Plaintiff attempts to assert claims of malicious prosecution, conspiracy, and fabrication of evidence against Defendant Knappen.  (Dkt. No. 1 at 9-10.) Defendant Knappen is protected from Plaintiff's suit for damages based on the doctrine of prosecutorial immunity.

As a result, I recommend that Plaintiff's claims for damages against Defendant Knappen in his individual capacity be dismissed with prejudice based on the doctrine of prosecutorial immunity.  *See Staton v. Holzbach*, 20-CV-0631, 2020 WL 6119382, at *3 (D. Conn. Oct. 16, 2020) (dismissing with prejudice claims against the defendant prosecutor based on the doctrine of prosecutorial immunity); *Lawrence v. Sherman*, 20-CV-0694, 2020 WL 5904789, at *3 (N.D.N.Y. Oct. 6, 2020) (D'Agostino, J.) (same).

---

[5]     In the alternative, I recommend dismissal of Plaintiff's claims against Defendant Knappen without prejudice for failure to assert a claim.  "Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [section] 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citing *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991); *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977)). Where the plaintiff "lists Defendants in the complaint's caption and parties sections, but provides no further reference to them in the complaint or attachments . . . the complaint lacks sufficient facts to plausibly suggest the Defendants' personal involvement in the alleged constitutional violations." *Price v. Goord*, 10-CV-0181, 2011 WL 1630727, at *4 (N.D.N.Y. Mar. 10, 2011) (Lowe, M.J.), *report and recommendation adopted by* 2011 WL 1630174 (N.D.N.Y. Apr. 29, 2011) (Kahn, J.).  The Complaint does not contain any factual allegations regarding actions that Defendant Knappen allegedly took or failed to take.  As a result, I recommend that, in the alternative, Plaintiff's claims against Defendant Knappen be dismissed for failure to state a claim.

b.     **Official Capacity**

"The Eleventh Amendment generally bars suits against a state in federal court."  *Pikulin v. City Univ. of N.Y.*, 176 F.3d 598, 600 (2d Cir. 1999) (per curiam).  It does not, however, bar suits against municipalities and local governments, such as the County of Onondaga.  *See Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 368-69 (2001).  When a defendant is sued in his official capacity, we treat the suit as one against the "entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 690 n.55 (1978)).  "Thus, if a district attorney or an assistant district attorney acts as a prosecutor, she is an agent of the State, and therefore immune from suit in her official capacity."  *D'Alessandro*, 713 F. App'x at 8 (citing *Ying Jing Gan v. City of New York*, 996 F.2d 522, 536 (2d Cir. 1993); *Baez v. Hennessy*, 853 F.2d 73, 77 (2d Cir. 1988)).  But if a suit centers "on the administration of the district attorney's office"—that is, on the "office policy" that the district attorney sets—then the district attorney is "considered a municipal policymaker," and the Eleventh Amendment does not immunize him from suit.  *Ying Jing Gan*, 996 F.2d at 536.

As set forth *supra* note 5, the Complaint asserts no factual allegations with respect to alleged unconstitutional actions taken by Defendant Knappen.  However, based on the claims asserted against Defendant Knappen, and drawing all reasonable inferences in Plaintiff's favor, it appears as though Plaintiff seeks to attack Defendant Knappen's prosecutorial decisions over the course of Plaintiff's criminal case.  The Eleventh Amendment shields Defendant Knappen from suit in his official capacity to the extent that Plaintiff attacks Defendant Knappen's prosecutorial decisions over the course of Plaintiff's criminal and parole case.  *D'Alessandro*, 713 F. App'x at 8.

20

As a result, I recommend that Plaintiff's claims against Defendant Knappen in his official capacity be dismissed.

### 4.      Claims Against Defendants Roulan and Young

"To state a claim under § 1983, a plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States (2) which has taken place under color of state law." *Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982)). "However, it is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983." *Rodriguez*, 116 F.3d at 65-66 (citing *Housand v. Heiman*, 594 F.2d 923, 924-25 (2d Cir. 1979) (per curiam); *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (public defenders do not act under color of state law)). Moreover, "[p]rivate attorneys are generally not 'state actors' for purposes of § 1983." *O'Donoghue v. United States Soc. Sec. Admin.*, 19-1426, 2020 WL 5884786, at *1 (2d Cir. Oct. 5, 2020) (citing *Rodriguez*, 116 F.3d at 65-66); *see Szymonik v. Connecticut*, 807 F. App'x 97, 102 (2d Cir. 2020) (holding that the defendant, "as a private attorney, was not a state actor; that he was licensed by the state to practice law does not render him a state actor."); *Caldwell v. Barrier*, 19-CV-1516, 2020 WL 918717, at *3 (N.D.N.Y. Feb. 26, 2020) (Hummel, M.J.) ("Private attorneys, whether court appointed or privately retained, are not liable under 42 U.S.C. § 1983."), *report and recommendation adopted by* 2020 WL 1904034 (N.D.N.Y. Apr. 17, 2020 (Sannes, J.).

The Complaint does not specify whether Defendants Roulan and Young were retained or court appointed (although Defendant Young's employment at Hiscock Legal Aid suggests that he was a court appointed attorney). (*See generally* Dkt. No. 1.) However, the law is clear that

regardless of the arrangement for Defendants Roulan and Young's representation of Plaintiff in his underlying criminal and parole matters, they were not state actors subject to suit under 42 U.S.C. § 1983.

As a result, I recommend dismissal of the claims against Defendants Roulan and Young with prejudice. *See Caldwell*, 2020 WL 918717 (dismissing with prejudice claims against the defendant private attorney, who represented the plaintiff in different case because the defendant was not liable under § 1983).

### 5.     Claims Against Defendants Rood and Fitzgerald in Their Official Capacities

After careful consideration, I recommend dismissal of Plaintiff's claims against Defendants Rood and Fitzgerald in their official capacities.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.  Regardless of the nature of the relief sought, in the absence of the State's consent or waiver of immunity, a suit against the State or one of its agencies or departments is proscribed by the Eleventh Amendment. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).  "New York State has not consented to suit in federal court." *Abrahams v. Appellate Div. of Supreme Court*, 473 F. Supp. 2d 550, 556 (S.D.N.Y. 2007) (citing *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d. Cir. 1977)).

Section 1983 claims do not abrogate the Eleventh Amendment immunity of the states. *See Quern v. Jordan*, 440 U.S. 332, 340-41 (1979).  "[C]laims against a government employee in his official capacity are treated as a claim against the municipality," and, thus, cannot stand

under the Eleventh Amendment.  *Hines v. City of Albany*, 542 F. Supp. 2d 218, 227 (N.D.N.Y.

2008).

However, "[u]nder the doctrine in *Ex Parte Young*, 'a plaintiff may avoid the Eleventh

Amendment bar to suit and proceed against individual state officers . . . in their official

capacities, provided his complaint (a) alleges an ongoing violation of federal law and (b) seeks

relief properly characterized as prospective.'"  *Clark v. DiNapoli*, 510 F. App'x 49, 51 (2d Cir.

2013) (quoting *In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007)).  However, "[a]

plaintiff may not use this doctrine to adjudicate the legality of past conduct," meaning there must

be some "plausible threat of future violations."  *Clark*, 510 F. App'x at 51 (citing *Papasan v.

Allain*, 478 U.S. 265, 277-78 (1986)); *see W. Mohegan Tribe and Nation*, 395 F.3d at 21 (noting

that, "in determining whether the *Ex Parte Young* doctrine applies to avoid an Eleventh

Amendment bar to suit, 'a court need only conduct a straightforward inquiry into whether the

complaint alleges an ongoing violation of federal law and seeks relief properly characterized as

prospective'"); *see also New York State Corr. Officers & Police Benev. Ass'n, Inc. v. New York*,

911 F. Supp. 2d 111, 129 (N.D.N.Y. 2012) (D'Agostino, J.) ("[D]eclaratory relief is not

permitted under *Ex Parte Young*, when it would serve to declare only past actions in violation of

federal law: retroactive declaratory relief cannot be properly characterized as prospective.").

Here, Plaintiff seeks both monetary and non-monetary relief.  (Dkt. No. 1 at 9.)

However, as set forth above in Part V.A. of this Order and Report-Recommendation, I

recommend dismissal of Plaintiff's injunctive relief without prejudice based on the doctrine set

forth in *Heck v. Humphrey*.  To the extent that recommendation is accepted and adopted, only

Plaintiff's request for monetary damages would remain, and Plaintiff's claims against

Defendants Rood and Fitzgerald in their official capacities for monetary damages are barred by the Eleventh Amendment.

Accordingly, I recommend that all claims for monetary damages against Defendants Rood and Fitzgerald in their official capacities be dismissed with prejudice and without leave to amend. *Jackson v. Gunsalus*, 16-CV-0647, 2016 WL 4004612, at *2 (N.D.N.Y. June 24, 2016) (Dancks, M.J.), *report and recommendation adopted*, 2016 WL 3983635 (N.D.N.Y. July 25, 2016) (Sharpe, J.).

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's IFP application (Dkt. No. 2) is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court (1) provide the Superintendent of the facility that Plaintiff has designated as his current location with a copy of Plaintiff's inmate authorization form (Dkt. No. 3) and notify that official that Plaintiff has filed this action and is required to pay the Northern District of New York the entire statutory filing fee of $350.00 in installments, over time, pursuant to 28 U.S.C. § 1915; and (2) provide a copy of Plaintiff's inmate authorization form (Dkt. No. 3) to the Financial Deputy of the Clerk's Office; and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITHOUT PREJUDICE** Plaintiff's Complaint (Dkt. No. 1), to the extent that it alleges claims seeking (1) injunctive relief, and (2) monetary damages asserting malicious prosecution, conspiracy, and fabrication of evidence against Defendants Rood and Fitzgerald in their individual capacities, pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. 1915A(a) for failure to state a claim upon which relief may be granted; and it is further

**RECOMMENDED** that the Court **DISMISS WITH PREJUDICE AND WITHOUT LEAVE TO AMEND** Plaintiff's Complaint (Dkt. No. 1), to the extent that it alleges claims for

damages against Defendants (1) Rood and Fitzgerald in their official capacities, (2) Knappen, (3)

Roulan, and (4) Young, pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. 1915A(a) for

failure to state a claim upon which relief may be granted and because those claims seek monetary

relief against Defendants who are immune from such relief; and it is further

     **RECOMMENDED** that the Court **STAY** Plaintiff's Complaint (Dkt. No. 1), to the

extent that it alleges claims for monetary damages asserting false arrest against Defendants Rood

and Fitzgerald in their individual capacities; and it is further

     **ORDERED** that the Clerk of the Court shall file a copy of this Order and Report-

Recommendation on Plaintiff, along with copies of the unpublished decisions cited herein in

accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009)

(per curiam).

     **NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within

which to file written objections to the foregoing report.[6]  Such objections shall be filed with the

Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN**

**DAYS WILL PRECLUDE APPELLATE REVIEW**.  28 U.S.C. § 636(b)(1) (Supp. 2013);

Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v.*

*Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).


Dated: October 26, 2020
       Binghamton, New York

Miroslav Lovric
U.S. Magistrate Judge

---

[6]     If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).