UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DWIGHT GILES,

                               **Plaintiff,**

   vs.                                                    5:20-cv-980
                                                                    (MAD/ML)

RODNEY FITZGERALD, Police Officer,
Syracuse Police Department; DUANE ROOD,
Police Detective, Syracuse Police Department,
JUDSON KNAPPEN, Assistant District
Attorney, District Attorney's Office; TIMOTHY
ROULAN, Attorney at Law; and LAWRENCE
YOUNG, Legal Aid Attorney, Hiscock Legal
Aid Society,

                               **Defendants.**
_____

**APPEARANCES:**                              **OF COUNSEL:**

**DWIGHT GILES**
**88003548**
Onondaga County Justice Center
555 South State Street
Syracuse, New York 13202
Plaintiff, *Pro Se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      On August 24, 2020, *pro se* Plaintiff, Dwight Giles, filed this action against Defendants, Syracuse Police Officer Rodney Fitzgerald; Syracuse Police Detective Duane Rood; Assistant District Attorney Judson Knappen; and Attorneys Timothy Roulan and Lawrence Young. Dkt. No. 1. While unclear, Plaintiff's complaint appears to allege claims for malicious prosecution and conspiracy against all Defendants; false arrest against Defendants Fitzgerald and Rood; and fabrication of evidence against Defendants Rood, Fitzgerald, and Knappen. *See* Dkt. No. 1.

That same day, Plaintiff moved for leave to proceed *in forma pauperis*. Dkt. No. 2. On October 27, 2020, Magistrate Judge Miroslav Lovric granted Plaintiff's motion to proceed *in forma pauperis* and issued an Order and Report-Recommendation recommending that Plaintiff's complaint be (1) dismissed without prejudice with respect to Plaintiff's claims seeking injunctive relief, and claims seeking monetary damages for malicious prosecution, conspiracy, and fabrication of evidence against Defendants Rood and Fitzgerald in their individual capacities; (2) stayed pending resolution of Plaintiff's underlying criminal charges, with respect to Plaintiff's claims seeking monetary damages for false arrest against Defendants Rood and Fitzgerald in their individual capacities; and (3) dismissed with prejudice and without leave to amend with respect to Plaintiff's claims against Defendants Knappen, Roulan, Young, Fitzgerald and Rood in their official capacities. Dkt. No. 4 at 1-2.

On November 6, 2020, Plaintiff filed an objection to Magistrate Judge Lovric's Order and Report-Recommendation. Dkt. No. 6. However, Plaintiff did not raise any issues regarding Magistrate Judge Lovric's opinion. *Id*. Rather, Plaintiff presents additional evidence not included in the original complaint. *Id*.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept,

reject, or modify, in whole or in part, the findings or recommendation made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In the present matter, the Court finds that Magistrate Judge Lovric correctly recommended that Plaintiff's complaint be dismissed without prejudice with respect to Plaintiff's claims seeking injunctive relief because vindication of Plaintiff's parole violation or immediately releasing Plaintiff from the thirty-month sentence imposed for the parole violation would necessarily demonstrate the invalidity of Plaintiff's parole violation and related sentence.  Dkt. No. 4 at 7-8 (citing *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)).  Plaintiff's claims for monetary damages for malicious prosecution, conspiracy, and fabrication of evidence against Defendants Rood and Fitzgerald in their individual capacities must be dismissed for this same reason.  Additionally, Magistrate Judge Lovric is correct that Plaintiff's claims for monetary damages for false arrest against Defendants Rood and Fitzgerald in their individual capacities should be stayed because Plaintiff's complaint alleges that criminal charges are still pending and therefore if Plaintiff is ultimately convicted, this action could impugn that conviction.  *See id.* at 15-17 (quoting *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007)).

Finally, Plaintiff's claims against Defendants Knappen, Roulan, Young, Fitzgerald, and Rood in their official capacities are dismissed with prejudice and without leave to amend because Defendant Knappen is entitled to prosecutorial immunity; Defendants Roulan and Young are not state actors and are not subject to 42 U.S.C. § 1983 liability; and monetary damages against Defendants Fitzgerald and Rood in their official capacities are barred by the Eleventh Amendment.

Plaintiff's objection merely presents additional facts and appears to attempt to clarify the assertions made in his complaint.  Dkt. No. 6.  In order to adequately cure the deficiencies in

Plaintiff's complaint as outlined in Magistrate Judge Lovric's Order and Report-Recommendation, Plaintiff must file an amended complaint with the Court.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Lovric's October 27, 2020 Order and Report-Recommendation is **ADOPTED** in its entirety for the reasons set forth therein; and the Court further

**ORDERS** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE** to the extent that it alleges claims seeking (1) injunctive relief, and (2) monetary damages for malicious prosecution, conspiracy, and fabrication of evidence against Defendants Rood and Fitzgerald in their individual capacities; and the Court further

**ORDERS** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISS WITH PREJUDICE AND WITHOUT LEAVE TO AMEND**, to the extent that it alleges claims for damages against Defendants (1) Rood and Fitzgerald in their official capacities, (2) Knappen, (3) Roulan, and (4) Young; and the Court further

**ORDERS** that Plaintiff's Complaint (Dkt. No. 1) is **STAYED**, to the extent that it alleges claims for monetary damages asserting false arrest against Defendants Rood and Fitzgerald in their individual capacities; and the Court further

**ORDERS** that the complaint shall not be served at this time and, instead, the Clerk of the Court shall **ADMINISTRATIVELY CLOSE** this case.  Plaintiff may seek to reopen this matter once his criminal case has been fully resolved;[1] and the Court further

---

[1] Since resolution of the state court criminal proceedings could take some time, Plaintiff is directed to provide the Court with a status report regarding his pending criminal matter every three (3) months.  If Plaintiff fails to provide the Court with these status reports as directed, the

(continued...)

**CERTIFIES** that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal taken from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: January 26, 2021
      Albany, New York

                                           Mae A. D'Agostino
                                           U.S. District Judge

---

[1](...continued)
Court of the Court shall enter judgment in Defendants' favor and close this case, without further order from the Court.